UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANDRE LEE COLEMAN,

    Plaintiff,

v.                                                     Case No. 2:04-cv-268
                                                      HON. GORDON J. QUIST

JAMES BOUCHARD, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

        Plaintiff Andre Lee Coleman, an inmate currently confined at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections (MDOC). Specifically, defendants include librarian James Blanchard, Deputy Warden Darlene Edlund, Administrative Deputy Warden William Luetzow and Assistant Librarian Mary Aho, all of whom are employed at AMF.

        Plaintiff's complaint alleges that on February 10, 2004, he requested legal writer assistance through the Legal Writer Program at AMF. Plaintiff was approved and was scheduled to see the legal writer. At that time, the Legal Writer Program was new at AMF and only one prison inmate was trained as a legal writer. Plaintiff provided the legal writer with a denied request for rehearing dated February 6, 2004. Plaintiff asserts that he had 60 days from that date, or until April 6, 2004, to file a petition for judicial review and to appeal a guilty finding on a misconduct ticket for disobeying a direct order. Thereafter, Plaintiff had four more interviews with the legal writer. Plaintiff claims that defendant Bouchard was familiar with plaintiff's case and requests for "extra book status." Plaintiff claims that defendant Bouchard required plaintiff to send papers

pertaining to his petition for judicial review through the institutional mail before a decision could be made about plaintiff's "extra book status," instead of allowing the request to come through the legal writer.

Plaintiff claims that he attempted to contact his legal writer in March, but learned that his legal writer was confined in temporary segregation and no one was working on his petition. Plaintiff claims that defendants failed to ensure that a new legal writer was available to work on plaintiff's petition. Plaintiff states that he contacted defendants Edlund, Luetzow, and Aho regarding the timely preparation of his petition for judicial review and submitted two access to the courts flash kites. Defendant Edlund responded to the kites stating that she was informed that the petition had been prepared and delivered to plaintiff and that the legal writer was confined in temporary segregation. In her second response, defendant Edlund indicated that the legal writer was currently working on two petitions for judicial review for plaintiff. Plaintiff claims that he missed the deadline. It appears that plaintiff never attempted to file a petition for judicial review.

Presently before the Court is the defendants' motion for summary judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the

nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1, 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992), *cert. denied*, 507 U.S. 973 (1993); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, *1-2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering,

his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-353; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Further, in order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

A petition for judicial review of a misconduct conviction is not an attack on the prisoner's conviction or sentence; nor is it a challenge to the conditions of confinement. *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th cir. 2005). Accordingly, plaintiff's claim is not actionable. Moreover, plaintiff attempts to blame defendants for the legal writer's failure to finish plaintiff's petition for judicial review in a timely fashion. The fact that the legal writer was placed in temporary segregation certainly was a factor in plaintiff's inability to communicate with the legal writer as the deadline for filing the petition approached. The delay was unfortunate. However, defendants did

- 4 -

not cause the untimeliness of the petition for judicial review. In fact, plaintiff should take some responsibility for the failure to file his petition. Plaintiff has proven to be articulate and very capable of communicating to the court. There exists no reason why plaintiff, knowing that his deadline for his petition for judicial review was close, could not have filed with the state court some type of pleading to preserve the timeliness of his petition. Moreover, plaintiff has not established that he was foreclosed from pursing other remedies in the state courts regarding his misconduct conviction. Plaintiff has not established actual prejudice, nor has plaintiff shown that defendants were responsible for the failure to file his petition.

Accordingly, it is recommended that defendants' motion for summary judgment (Docket #9) be granted and that this case be dismissed in its entirety.

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court grants defendants' motion for summary judgment, the court can discern no good-faith basis for an appeal. It is recommended that should the plaintiff appeal this decision, the court assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he should be required to pay the $255 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

          /s/ Timothy P. Greeley
          TIMOTHY P. GREELEY
          UNITED STATES MAGISTRATE JUDGE

Dated: February 8, 2006